UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ALEXANDER BROMBERG and VERA
BROMBERG,

                Plaintiffs,                    NOT FOR PUBLICATION
                                                      **MEMORANDUM & ORDER**
         -against-                          14-CV-4511 (CBA) (RLM)

INDYMAC MORTGAGE SERVICES;
ONEWEST BANK, FSB as successor in
interest to INDYMAC BANK, FSB; and
DEUTSCHE BANK NATIONAL TRUST
COMPANY as Trustee of the Residential
Asset Securitization Trust 2006-A15,
Mortgage Pass-Through Certificates, Series
2006-O,

                Defendants.*
-------------------------------------------------------x
**AMON, Chief United States District Judge:**

        Plaintiffs Alexander and Vera Bromberg ("the Brombergs") invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, raising claims under the New York General Business Law ("NY General Business Law") § 349, New York Real Property Actions and Proceedings Law ("RPAPL") § 1515, and New York State common law. Their claims pertain to the alleged rescission of a loan modification agreement, an attempt to foreclose on their home, and a subsequent transfer of their mortgage and note.

        On May 1, 2015, the Brombergs filed their First Amended Complaint, dropping defendant Mortgage Electronic Registration Systems, Inc. ("MERS") and adding a new defendant: Deutsche Bank National Trust Company, as Trustee of the Residential Asset Securitization Trust 2006-A15,

---

* For the reasons set forth below, defendant Deutsch Bank National Trust Company is listed as named in plaintiffs' First Amended Complaint rather than the Second Amended Complaint. See infra pp. 5–6.

1

Mortgage Pass Through Certificates, Series 2006-O ("DBNTC").[1] (D.E. # 16, First Am. Compl., at 1.) The Court then asked the parties to brief whether the addition of DBNTC destroyed diversity. (See D.E. dated Aug. 7, 2015.) For the reasons stated below, the Court concludes that it retains diversity jurisdiction over this matter.

## BACKGROUND

The Brombergs filed this suit in state court on May 23, 2014. (See D.E. # 1, Notice of Removal, Ex. A at 1.) Defendants removed the case to this Court on July 28, 2014. (See D.E. # 1.) The Brombergs' claims arise in the first instance from a $1 million mortgage they procured in 2006, from Lancaster Mortgage Bankers, for the purchase of a home in Brooklyn. (See D.E. # 26, Second Am. Compl., ¶¶ 10–15.) They believe that defendant IndyMac Mortgage Services ("IndyMac")—a division of defendant OneWest Bank, as successor in interest to IndyMac ("OneWest")—serviced the mortgage. (Id. at ¶ 17.) They also claim that defendant DBNTC now holds the mortgage and note. (Id. at ¶ 38.)

The Brombergs make three sets of allegations. First, they claim that, in 2009, they sought a loan modification agreement with defendant IndyMac. (Id. ¶¶ 20–21.) They claim further that their application was approved, and that they began making reduced payments in accordance with the modification. (Id. ¶¶ 22–23.) They allege that IndyMac later rescinded the modification agreement on the basis that it was only mistakenly approved in the first place, and that IndyMac sought additional payments and penalties for the intervening period. (Id. ¶¶ 24–26.) Accordingly, the Brombergs bring claims against IndyMac for breach of contract, and for deceptive business practices under NY General Business Law § 349. (See id. ¶¶ 61–67, 92–95.)

---

[1] The Brombergs altered the name of this defendant in their Second Amended Complaint, which now identifies this entity as: "The Residential Asset Securitization Trust 2006-A15, Mortgage Pass Through Certificates, Series 2006-O by Deutsche Bank National Trust Company, in its Capacity as Trustee." The Court addresses this change below.

2

The second set of claims arises after the alleged rescission of the loan modification agreement. The Brombergs defaulted on their mortgage, and defendant OneWest initiated foreclosure proceedings against them. (Id. ¶¶ 27–28.) That action was ultimately "disposed" of without foreclosure, (id. ¶ 59), although the Brombergs claim they incurred significant expense as a result, (id. ¶ 91). They argue that OneWest fraudulently backdated an assignment document and did not actually have standing to initiate those foreclosure proceedings. (Id. ¶¶ 31–35.) They therefore bring claims against OneWest for fraud, and for deceptive business practices under NY General Business Law § 349. (See id. ¶¶ 68–91.)

The Brombergs' final claim pertains to the current holder of the mortgage and note, DBNTC. The Brombergs remain in their home and in default on their mortgage, which carries an outstanding principal balance of approximately $950,000, (id. ¶ 8). Although they do not allege that foreclosure proceedings are ongoing, they nevertheless seek to quiet title to the property, pursuant to RPAPL § 1515, alleging that DBNTC could not have properly acquired the mortgage and note. (See id. ¶¶ 96–101.)

## DISCUSSION

"Diversity jurisdiction exists in a civil action between citizens of different states, or between citizens of the United States and citizens or subjects of a foreign state when the matter in controversy exceeds $50,000." Advani Enterprises, Inc. v. Underwriters at Lloyds, 140 F.3d 157, 160 (2d Cir. 1998) (citing 28 U.S.C. § 1332(a)). To maintain diversity, no plaintiff in a suit can have the same citizenship as any defendant. See Herrick Co. v. SCS Commc'ns, Inc., 251 F.3d 315, 322 (2d Cir. 2001). In general, "[t]the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." Advani, 140 F.3d at 160.

The Brombergs are New York residents. (Second Am. Compl. ¶¶ 1–2.) They imply that OneWest is a national banking association with California citizenship. (See id. ¶ 3.) They also claim that IndyMac "is an organization with its principal place of business outside the State of New York." (Id. ¶ 4.) Although the Brombergs contend that DBNTC's citizenship is not presently known, (D.E. # 32 at 2–3), defendants' submissions establish that DBNTC is a citizen of California, (see generally D.E. # 33).

The Supreme Court has held that, for purposes of assessing diversity jurisdiction, a national bank (or national banking association) is "a citizen of the State in which its main office, as set forth in its articles of association, is located." Wachovia Bank v. Schmidt, 546 U.S. 303, 306 (2006). Defendants have demonstrated that DBNTC is a national bank with its main office in California.[2] See also OneWest Bank, FSB v. Joam LLC, No. 10-CV-1063 (JG) (SMG), 2011 WL 6967635, at *4 (E.D.N.Y. July 26, 2011) ("Under the Supreme Court's holding in Wachovia, Deutsche Bank [National Trust Company], for purposes of diversity jurisdiction, is a citizen of California.")

At the pre-motion conference held before the Court on October 21, 2015, counsel for the Brombergs argued that, in suing "DBNTC at Trustee," they are actually suing The Residential Asset Securitization Trust 2006-A15, Mortgage Pass Through Certificates, Series 2006-O ("the Trust"). (Oct. 21, 2015 Hr'g Tr. 20:6–21.) Accordingly, counsel urged the Court to consider a recent case from the Southern District of New York (and a related line of cases) concerning the citizenship of a trust. (Id. at 24:16–22 (citing In re Ace Sec. Corp. RMBS Litig., No. 13-CV-1869 (AJN), 2015 WL 1408837 (S.D.N.Y. Mar. 26, 2015)).) Counsel specifically flagged the In re Ace court's conclusion that it would "determine the citizenship of the trust based on the citizenship of

---

[2] DBNTC was originally formed under the name "Bankers Trust Company of California, National Association" ("Bankers Trust"). (See D.E. # 34, Ex. A at 1, 2–4.) According to its Articles of Association, the main office for Bankers Trust "shall be in the City of Los Angeles, County of Los Angeles, State of California." (Id. at 8.)

4

both beneficiaries and the trustee if the trust has sued in its own name, and based on the citizenship of the trustee if the suit was brought in the trustee's name." Id. at *4. The Brombergs therefore argued that, even if DBNTC is a California citizen, diversity cannot be established until the defendants—who have invoked diversity jurisdiction by removing the case to federal court—have demonstrated the citizenship of the Trust's beneficiaries. (Oct. 21, 2015 Hr'g Tr. 20:6–21.)

The Court finds that the Brombergs have sued DBNTC as trustee rather than the Trust. Although the Brombergs originally failed to serve DBNTC with the First Amended Complaint, that is the complaint in which they first added defendant DBNTC to this case, (see First Am. Compl. at 1). At the time, they listed DBNTC in the caption as "Deutsche Bank National Trust Company, as Trustee of the Residential Asset Securitization Trust 2006-A15, Mortgage Pass Through Certificates, Series 2006-O." (Id.) At a pre-motion conference held on August 7, 2015, this Court instructed the Brombergs, among other things, to serve DBNTC with this complaint. (See D.E. dated Aug. 7, 2015.) Instead, the Brombergs filed a Second Amended Complaint, which they then served on DBNTC in lieu of the First Amended Complaint, (see D.E. # 27), and which identified DBNTC as "The Residential Asset Securitization Trust 2006-A15, Mortgage Pass Through Certificates, Series 2006-O by Deutsche Bank National Trust Company, in its Capacity as Trustee," (Second Am. Compl. at 1).

The Brombergs have not explained the reason for this name change. Given their position on the citizenship of defendant DBNTC, the change appears designed to suggest that the Trust, rather than the trustee, is a defendant in this case. As defendants correctly note, however, (D.E. # 33 at 10), the Brombergs were never given leave to make yet another change to the parties.

The formulation of DBNTC's name from the First Amended Complaint quite plainly suggests that <u>DBNTC as trustee</u> was the intended defendant in this suit rather than the Trust. To

the extent the Brombergs rely on In re Ace, that case supports the same conclusion. See 2015 WL 1408837, at *4 (indicating that a suit brought in the name of a trustee should use a name structure just like the one the Brombergs used for DBNTC in the First Amended Complaint). Further, the Brombergs have indicated that "there were no substantive changes to the complaint [between the First Amended and Second Amended versions]."[3] (D.E. # 32 at 1–2.) Under the circumstances, replacing the trustee with the Trust in the list of defendants would be a "substantive change." Therefore, the formulation of DBNTC's name from the First Amended Complaint controls.

---

[3] The defendants also claim to have correspondence from counsel for the Brombergs confirming that, following the name change, "no new party was added" to the case. (See D.E. # 33 at 11.)

## CONCLUSION

For the foregoing reasons, the Court finds that defendant DBNTC is a citizen of California for the purposes of this suit, and, therefore, that the Court retains jurisdiction over this matter following DBNTC's addition to the case. The Clerk of Court is directed to change the case caption to match the caption at the top of this order. If the Brombergs truly seek to sue the Trust, they must make a motion to amend the complaint, explaining, inter alia, why the Trust is the proper party.

The parties are reminded that they must attend a settlement conference with Magistrate Judge Mann, presently scheduled for 10 a.m. on January 26, 2016. (D.E. # 36.) The Brombergs' opposition to defendants' motion to dismiss remains due January 20, 2016, and defendants' reply remains due February 3, 2016. (See D.E. dated Dec. 1, 2015.) Oral argument on the motion remains scheduled for March 4, 2016. (Id.)

SO ORDERED.

Dated: December 18, 2015
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge